20758—North British & Mercantile Insurance Co.¹ v. Uriah W. Garber. Motion for Montgomery Appeals to certify. Overruled. Dock. 5 Abs. 656.

# SYLLABI

## No. 881

### ROBERTS et v. MONTGOMERY et.

Ohio Supreme Court.

No. 19674. Decided Dec. 7, 1927.

In contempt.

Application dismissed.

681. JURISDICTION—1017a. REMAND —293. Contempt—1. Jurisdiction of Supreme Court to remand to Court of Appeals conferred, by implication, by Sec. 2, Art. IV of the Ohio Constitution.

2. Where court so remands it relinquishes jurisdiction to extent that Court of Appeals may entertain application for order to show cause why party should not be adjudged in contempt.

ROBINSON, J.

1. The jurisdiction of the Supreme Court to remand its judgments and final orders rendered in cases heard on error from the Court of Appeals to that court for execution is by implication conferred by Section 2 of Article IV of the Constitution of Ohio as a necessary concomitant of the jurisdiction to review, affirm, modify or reverse.

2. When the Supreme Court remands a judgment or final order to the Court of Appeals for execution, it relinquishes its jurisdiction in that respect to the court of remand, and that court has jurisdiction to entertain an application for an order against an offending party to show cause why he should not be adjudged in contempt if the judgment or final order be such that non-compliance therewith amounts to a contempt.

(Day, Allen, Jones and Matthias, JJ., concur. Marshall, CJ., and Kinkade, J., not participating.)

## No. 882

### STATE ex CONT. CAS. CO. v. SAFFORD,

Supt. of Ins.

Ohio Supreme Court.

No. 20760. Decided Dec. 7, 1927.

In mandamus.

Writ allowed.

543. FOREIGN CORPORATIONS — 647. Insurance—When foreign Casualty and Insurance Co. may withdraw deposit made under 9510-10 GC. as enacted March 22, 1923 (110 O. L. 4).

ALLEN, J.

Under Section 9510-10, General Code, as enacted March 22, 1923 (110 Ohio Laws, 4), when the superintendent of insurance, upon examination of the books of a foreign casualty insurance company and affidavits of its principal officers and other evidence, is satisfied and shall certify that all the obligations and liabilities which the deposit was made to secure have been paid or extinguished, such foreign casualty insurance company may withdraw the deposit made under paragraph 2 of Section 9510, General Code, prior to the enactment of March 22, 1923 (110 Ohio Laws, 3).

Marshall, CJ., Day, Jones and Matthias, JJ., concur.)

## No. 883

### SWAN TWP. BD. ED. v. COX.

Ohio Supreme Court.

No. 20421. Decided Dec. 7, 1927.

Error to Vinton Appeals.

Judgment reversed.

1065. SCHOOLS—1. Under 7764-1 GC. boards of education may elect to provide transportation of children to the high school or provide board and lodging near thereto.

2. Duty of parents or children to advise such boards, of their readiness for high school work and of residence beyond four miles from a high school.

3. In action against the board, to recover for transportation, not error for court to refuse to charge jury that before they can find a verdict for plaintiff they must find from a preponderance of the evidence, the number of days he transported his child to a high school.

MARSHALL, CJ.

1. By virtue of Section 7764-1, General Code, enacted in 1921 and prior to its repeal July 10, 1925, a duty devolved upon either the local board of education or the county board of education to provide work in high school branches at some school within four miles of the residence of children of compulsory school age who have finished the ordinary grade school curriculum if such children live more than four miles from a high school, or such boards may at their election provide transportation of such children to a high school, or provide board and lodging for such children near a high school.

2. In order that such boards of education may have a choice of the means of discharging the duties imposed upon them, it is the duty of such children or their parents to communicate to such boards the fact of readiness for high school work and the further fact of residence more than four miles from a high school in order that the board may have an opportunity to take official action in exercising such choice of means and to make provision therefor.

3. In an action against a board of education to recover the reasonable value of transportation of children living more than four miles from a high school, it is not error on the part of the trial court to refuse an instruction that before they can find a verdict for the plaintiff they must find definitely from a preponderance of the evidence the number of days

# PUBLISHER'S COLUMN
## The Ohio Law Abstract

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio, under the Act of March 3, 1879.

Issued Every Saturday     50 Weeks of the Year

### SUBSCRIPTION PRICES AND TERMS

One year (50 issues) Payable in Advance........$15.00

Single Numbers ................................. .35

Receiving Abstract after expiration date, considered as authorized continuation of subscription.

PREMIUM. On new subscriptions, when $12.00 is mailed us in advance, credit given for $15.00 and the whole year receipted for.

### RENEWALS

RENEWALS, per year, payable in advance (50 issues) $15.00.

### THE LAW ABSTRACT COMPANY

Office, Editorial Rooms and Library, 13916 Euclid Ave. Cleveland, O.

### STAFF

Jay F. Laning.......................Business Director

Sheldon R. Laning...................Editorial Director

Sam H. Torrey.....................Circulation Manager

that plaintiff transported his child to a high school. The jury is only required to determine the probabilities from all the competent evidence in the case.

(Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.)